UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| CECILIA GARCIA, | ) CV 12-03847-SH |
| | ) |
| Plaintiff, | ) MEMORANDUM DECISION |
| | ) |
| v. | ) |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |
| | ) |

This matter is before the Court for review of the Decision of the Commissioner of Social Security denying plaintiff's application for Social Security Disability Insurance benefits. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and

defendant have filed their pleadings (Plaintiff's Brief in Support of Complaint ["Plaintiff's Brief"]; Defendant's Brief in Support of Answer ["Defendant's Brief"]), and the defendant has filed the Certified Administrative Record [AR]. After reviewing the matter, the Court concludes that the Decision of the Commissioner should be affirmed.

# I.  **PROCEEDINGS**

Cecilia Garcia (Plaintiff) applied for Social Security Disability Insurance Benefits (DIB) in 2001, alleging that she had been disabled since June 28, 2000. (AR at 161).  Plaintiff was awarded DIB in 2001 because her mental conditions met the requirements of Listings 12.04 (depression) and 12.06 (anxiety related disorders).  (*See* AR at 240).  The Social Security Administration later reviewed Plaintiff's ongoing disability and found on May 19, 2006 that her mental impairments had improved to the extent that she was no longer disabled as of that date. (AR at 35-36).

On June 5, 2006, Plaintiff filed a request for a review of the Administration's ruling.  (AR at 41).  Plaintiff's request for review was denied on September 5, 2007.  (AR 59).   Thereafter, Plaintiff filed a request for a hearing by an Administrative Law Judge (ALJ).  (AR at 79).  The ALJ held hearings in May and October 2008, and issued an unfavorable decision on November 19, 2008.  (AR at 117-125).

Plaintiff filed a request for a review of the ALJ's unfavorable decision on December 9, 2008.  (AR at 126).  The Appeals Council remanded the matter and instructed the ALJ to further evaluate the Plaintiff's mental impairment and the opinions of Plaintiff's two sons, and obtain updated medical evidence and supplemental evidence from a vocational expert (VE).  (AR at 139-40).

In 2009, Plaintiff began working part-time as a sales associate at Marshalls between 20-38 hours a week.  (AR at 628-632, 635-36, 640-41, 651-53).

2

On January 13, 2010, the ALJ held another hearing pursuant to the Appeals Council remand order.  (AR at 621).  During that hearing, the vocational expert classified Plaintiff's work at Marshalls as that of a "sales, attendant," a job requiring light, unskilled work with an SVP 2 under the Dictionary of Occupational Titles ("DOT").  (AR at 653).

The ALJ issued another unfavorable decision on April 29, 2010.  (AR at 13).   In that decision, the ALJ did not include Plaintiff's alleged continued depression in a list of medically determinable impairments that included an anxiety disorder, cervical spine disorder, and osteoporosis of the lumbar spine. (AR at 21).  The ALJ proceeded to find that Plaintiff's impairments did not meet or combine to equal the severity of an impairment listed in the Social Security Regulations.  *Id.*

On June 10, 2010, Plaintiff filed a second request for review, (AR at 12), which the Appeals Council denied on March 13, 2012.  (AR at 6).  Plaintiff has since filed this action in this Court.

Plaintiff challenges the ALJ's decision to deny her DIB as of May 19, 2006, alleging that 1) The ALJ erred in excluding Plaintiff's migraine headaches and major depressive disorder from Plaintiff's list of severe impairments; 2) The ALJ erred in reaching the conclusion that Plaintiff's psychiatric conditions no longer met or equaled Listings 12.04 and 12.06; and 3) The ALJ erred in determining that Plaintiff was capable of returning to her past relevant work assembling sprinklers.  (Plaintiff's Brief at 4, 5).

## II.  STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards. *Delorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence

3

1    means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401,

2    91 S. Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), but "less than a preponderance."

3    *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir.

4    1988).  This Court cannot disturb the Commissioner's findings if those findings

5    are supported by substantial evidence, even though other evidence may exist

6    which supports plaintiff's claim.  *See Torske v. Richardson*, 484 F.2d 59, 60 (9th

7    Cir. 1973), cert. denied, *Torske v. Weinberger*, 417 U.S. 933, 94 S. Ct. 2646

8    (1974); *Harvey v. Richardson*, 451 F.2d 589, 590 (9th Cir. 1971).  When

9    represented by counsel, claimants must raise all issues and evidence at their

10   administrative hearings to preserve them on appeal.  *Meanel v. Apfel*, 172 F.3d

11   1111 (9th Cir. 1999).  A decision of the ALJ will not be reversed for harmless

12   errors.  *Burch v. Barnhart*, 400 F.3d 676, 678 (9th Cir. 2005).

13        It is the duty of this court to review the record as a whole and to consider

14   adverse as well as supporting evidence.  *Green v. Heckler*, 803 F.2d 528, 529-30

15   (9th Cir. 1986).  The court is required to uphold the decision of the

16   Commissioner where evidence is susceptible of more than one rational

17   interpretation.  *Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984).  The

18   court has the authority to affirm, modify, or reverse the Commissioner's decision

19   "with or without remanding the cause for rehearing."  42 U.S.C. § 405(g).

20                            **III.DISCUSSION**

21        A person is "disabled" for purposes of receiving benefits if the person is

22   "unable to engage in any substantial gainful activity by reason of any medically

23   determinable physical or mental impairment which can be expected to last for a

24   continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The

25   plaintiff has the burden of establishing a prima facie case of disability.  *Drouin v.*

26   *Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992) (citing *Gallant v. Heckler*, 753

27   F.2d at 1452).

28        The Commissioner has established a five-step sequential evaluation for

4

determining whether a person is disabled.  At issue here are the Commissioner's findings at Steps Three and Four.  At Step Three, the Commissioner determines whether a claimant has a severe impairment and if that impairment meets or equals one of a number of "listed impairments."  If a claimant's impairment(s) meet or combine to equal a listed impairment, the person is conclusively presumed to be disabled.  The Commissioner also bears of the burden of determining whether a claimant's medical condition has improved.  20 C.F.R. § 404.1594(f)(3).  Medical improvement is any decrease in the medical severity of the impairment(s) as established by improvement in symptoms, signs and/or laboratory findings.  20 C.F.R. § 404 1594(b)(1).  If medical improvement has occurred, the Commissioner must determine whether the improvement is related to the ability to work.  Step Four applies where the claimant's impairment(s) do not meet or equal listed impairments, at which point the Commissioner will determine whether the claimant's impairment(s) prevent the person from performing past relevant work.  20 C.F.R § 404.1520; *see Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2290-91, 96 L.Ed.2d 119 (1987).

### 1. Substantial Medical Evidence Supports The ALJ's Assessment Of Plantiff's Severe Impairments.

The ALJ did not err by failing to include Plaintiff's alleged migraine headaches and continued presence of major depression in its list of Plaintiff's ongoing medically determinable impairments.

As noted by the ALJ, Plaintiff's treating physician Dr. Chris Armada never diagnosed Plaintiff with migraines.  (*See* AR at 27, 347-51, 506).  On one occasion, Plaintiff complained of headaches to treating source Dr. Davidas, only to never return for a follow-up examination. (AR at 27, 506).  Additionally, an examination performed by Dr. Nicholas Lin in 2007 revealed no abnormalities in Plaintiff's neurological makeup.  (AR at 27, 481-85).

With regard to Plaintiff's allegations of continuing depression, the ALJ

5

highlighted examining psychiatrist Dr. Linda Smith's comments in 2006 that Plaintiff did not appear credible when she discussed her mania and bipolar disorder. (AR at 25-26, 457). Dr. Smith noted that Plaintiff attempted to portray a "solemn" mood, but that more often Plaintiff appeared "full and animated." (AR at 463). Moreover, Dr. Smith noted that Plaintiff possessed a "goal-oriented nature" in which Plaintiff insisted on describing all possible symptoms of mania and bipolar disorder in a generic fashion. (AR 25-26, 456). In 2007, Dr. Smith again observed that Plaintiff was not credible, specifically noting her manipulative nature and her lack of detail about her claims. (AR at 494). Ultimately, Dr. Smith concluded that there was no evidence that Plaintiff suffered from bipolar affective disorder. *Id.* Although Plaintiff's therapist, Melissa C. Darnell, detailed Plaintiff's allegations of depression, Social Security regulations do not list such therapists among the acceptable medical sources. *See infra* 20 C.F.R. § 404.1513.

Overall, there was substantial medical evidence that Plaintiff was not severely impaired by migraine headaches or continued depression. Therefore, the Court does not view the ALJ's list of severely medically determinable impairments as incomplete.

### 2. Substantial Evidence Indicates That Plaintiff's Severe Impairments Did Not Meet Or Equal A "Listed Impairment" As of May 19, 2006.

When a mental impairment is found to be severe, a determination must be made as to whether it meets or equals any listing. Plaintiff's conditions as identified by the ALJ fall under Listing 12.06 for Anxiety Related Disorders. *See* 20 C.F.R § Part 404, Subpart P, Appendix 1 § 12.00(A). In order for a severe impairment to qualify as a listed impairment under section 12.06, it must satisfy paragraph "A" criteria, which consists of "clinical findings that medically substantiate the presence of a mental disorder." *Id.* Additionally, the severe impairment must result in at least two conditions in Paragraph "B." *Id.* The list

6

of Paragraph B conditions include: "1) Marked restriction in activities of daily living; 2) Marked difficulties in maintaining social functioning; 3) Marked difficulties in maintaining concentration; and 4) Repeated episodes of decompensation, each of extended duration." *Id.*  As an alternative to the Paragraph B criteria, the severe impairment will qualify as a listed impairment under 12.06 if it satisfies Paragraph A and Paragraph "C," which requires that the claimant's impairment "result in a complete inability to function independently outside the area of one's own home." *Id.*  The weight given to a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the records.  20 C.F.R § 404.1527.  A treating therapist's opinion may be used to show the severity, but not the existence, of an impairment and how it affects one's ability to work.  20 C.F.R. § 404.1513.

Here, persuasive medical evidence suggests that Plaintiff no longer satisfied criteria in Paragraphs B or C of Listing 12.06.  As discussed *supra*, Dr. Smith in her 2006 and 2007 evaluations noted that Plaintiff failed to convey the requisite knowledge and experience of having a mental disorder.  (AR at 24-25, 457, 489).  Moreover, Plaintiff's thought processes appeared coherent and organized, with relevant and non-delusional content.  (AR at 26, 463, 492). Plaintiff demonstrated she was capable of remembering and reciting series of numbers back to Dr. Smith after several minutes even in spite of distractions. (AR at 26, 463-64, 493). Even Dr. Rivera-Miya, a non-examining physician who, unlike Dr. Smith, credited Plaintiff with having depression falling under Listing 12.04, in addition to anxiety under Listing 12.06, (AR at 580-82), did not find that Plaintiff's impairments rose to the degree of limitation that satisfied the functional criteria for either Listing.  (AR at 586).

Evidence favorable to Plaintiff does not refute the evidence the ALJ relied on.  Plaintiff submits identical letters from treating physician Dr. Patel from 2008

and 2009.  (AR at 543, 577).  In those letters, Dr. Patel documented that Plaintiff expressed feeling anxiety and depression and that she was becoming forgetful and having problems at home.  (AR at 543, 577).  However, Dr. Patel's letters do not provide any analysis or objective findings.  *See id.*  Rather, Dr. Patel's letters simply reiterate Plaintiff's discussions with her therapist.  The Court takes note of Plaintiff's conversations with her therapist, Melissa C. Darnell.  (*See generally* AR at 523-40).  However, Dr. Patel's few independent observations conflict with Darnell's evaluation of Plaintiff.  In his letters, Dr. Patel stated that Plaintiff consistently kept her appointments—contrary to Darnell's observation in 2008 (*see* AR at 539)—and showed improvement from her medication.  (AR at 27, 543, 577).

On balance, substantial evidence supports the ALJ's contention that Plaintiff's mental disorders no longer qualified as listed impairments.  Evidence from Dr. Smith casts doubt on whether Plaintiff suffered from any mental impairment, much less one which met or equaled a listed impairment.  Furthermore, Dr. Rivera-Miya credits Plaintiff with depression and anxiety, but still suggests that Plaintiff's conditions are not disabling.  Although Plaintiff's treating physician and therapist record Plaintiff's complaints of depression and anxiety, their analysis, or lack of it, does not refute Dr. Smith and Dr. Rivera-Miya's findings.  Therefore, the ALJ did not err when it determined that Plaintiff's impairments did not qualify under Listing 12.06.

**3. Substantial Evidence Supports The ALJ's Finding That Plaintiff Is Capable Of Other Work.**

If a mental impairment is found to be severe, the Commissioner must assess the claimant's residual functional capacity.  The Commissioner must determine if this residual functional capacity is compatible with the performance of the individual's past relevant work, and if not, whether other jobs exist in significant numbers in the economy that are compatible with the assessment.  *See*

1   20 C.F.R §§ 404.1520, 404.1566(b) (2004).

2   The assumptions contained in the ALJ's hypothetical to a vocational

3   expert must be supported by the record; otherwise, the opinion of a vocational

4   expert that the claimant has residual working capacity has no evidentiary value.

5   *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988).  Hypothetical questions

6   posed to the vocational expert must set out <u>all</u> the limitations and restrictions of

7   claimant.  *Embrey v. Brown*, 849 F.2d at 422 (emphasis in original).  The

8   hypothetical question must be accurate, detailed, and supported by the medical

9   record.  *Gamer v. Sec'y of Health & Human Servs.* 815 F.2d 1275, 1279-80 (9th

10  Cir. 1987); *Jones v. Heckeler*, 760 F.2d 993, 998 (9th Cir. 1985); *Gallant v.*

11  *Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984).  A vocational expert's response to

12  a hypothetical constitutes substantial evidence only if it is reliable in light of the

13  medical evidence.  *Embrey v. Brown*, 849 F.2d at 422.  *Osenbrock v. Apfel*, 240

14  F.3d 1157 (9th Cir. 2001).

15  The ALJ committed harmless error when it found that Plaintiff was

16  capable of resuming her past relevant work as a sprinkler assembler, because

17  substantial evidence indicates Plaintiff was capable of other work.  Here, the ALJ

18  posed a hypothetical to the VE, which accounted for all of Plaintiff's limitations,

19  (*see* AR at 22, 654), and asked if Plaintiff could perform either the job of small

20  products assembler (corresponding to Plaintiff's prior occupation as a sprinkler

21  assembler) or a sales attendant (corresponding to Plaintiff's work at Marshalls, as

22  of 2009).  (AR at 652-54).  The VE responded that Plaintiff was capable of

23  performing both jobs, (AR at 655), and that Plaintiff could perform the role of

24  sales attendant full-time.  (AR at 656).

25  Unlike the description of a small products assembler in the DOT, which

26  the Defendant concedes conflicts with the ALJ's residual functional assessment

27  of Plaintiff, (*see* Defendant's Brief at 5-6), there does not appear to be a

28  discrepancy between the DOT's description of a sales attendant, and the ALJ's

9

residual functional assessment of Plaintiff.  *Compare*  DOT, 299.677-010, 1991 WL 672643 *with* AR 22 ¶ 9).  The ALJ limited Plaintiff to occupations which required her to "frequently reach, handle and finger…" (AR at 22).  According to the DOT, the job of sales attendant requires frequent reaching, handling and only occasional fingering.  DOT, 299.677-010, 1991 WL 672643.  Therefore, the vocational expert's response to the ALJ's hypothetical, which accounted for all the limitations of the plaintiff, (*see* AR at 22, 654), provides evidence that Plaintiff was capable of work as a sales attendant as of 2006.

The VE's response to the ALJ's hypothetical was reasonable in light of medical evidence discussed by the ALJ.  In Dr. Lin's 2007 evaluation of Plaintiff, (AR at 481-85), he found, among other things, that Plaintiff had no significant impairment of range of motion, could lift and carry 50 pounds occasionally and 25 pounds frequently, and could stand, sit, and walk for 6 hours in an 8 hour day.  (AR at 27-28, 485).  In 2009, Sean To, M.D. performed a consultive examination of Plaintiff, in which he relied on objective findings and found that Plaintiff had normal muscle strength, normal control of her upper and lower extremities, and had no restrictions in climbing ladders or in the use of her hands.  (AR at 28, 599-600).  Together, with the discussion of Plaintiff's mental condition, (*supra* AR 25-26), Dr. Lin and Dr. To's findings demonstrate that the VE's response to the ALJ's hypothetical was reasonable.

In sum, the ALJ relied on substantial evidence in finding that Plaintiff was capable of resuming work as of 2006.  Any error contained in the ALJ's decision was harmless.  The VE's testimony is supported by medical evidence that demonstrates that Plaintiff could work as a sales attendant as of 2006.

### IV. Conclusion

The Court finds that substantial exists that Plaintiff's depression and migraine headaches did not amount to severe impairments as of May 19, 2006.  Of the severe impairments identified by the ALJ, reliable medical evidence

1 indicates that Plaintiff's impairments were not so severe so as to qualify under a
2 listed impairment.  Finally, reliable vocational expert testimony showed that
3 Plaintiff was capable of work as a sales attendant.

### V.  ORDER

For the foregoing reasons, the Decision of the Commissioner is affirmed,
and the Complaint is dismissed.


DATED: October 26, 2012

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE

11